IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 5:05cr207-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | FINAL ORDER OF<br>CONTINUING GARNISHMENT |
| | ) | |
| JAMES E. FERGUSON, III,<br>    Defendant, | )<br>)<br>) | |
| and | )<br>) | |
| E-Z PARKING, INC.,<br>    Garnishee. | )<br>)<br>) | |

**THIS MATTER** is before the Court on the Answer of the Garnishee [Doc. 171].

**PROCEDURAL HISTORY**

On June 27, 2005, the Defendant was charged by superseding bill of indictment with conspiracy to defraud the United States, devising a scheme or artifice to defraud, money laundering, conspiracy to money launder, and making materially false statements, in violation of 18 U.S.C. §§371, 1341,

1

1956(a)(1)(A)(i), 1956(h), & 1001(a)(2). [Doc. 34]. A second superseding bill of indictment filed on July 27, 2005 added an additional defendant and charges related to him. [Doc. 43]. The Defendant entered into a plea agreement with the Government on July 28, 2005 pursuant to which he pled guilty to conspiracy to defraud in violation of 18 U.S.C. §371. [Doc. 45]. After the entry of his guilty plea, the Government filed a third superseding bill of indictment which deleted the Defendant from all counts except the conspiracy to defraud count, Count One. [Doc. 75].

On April 19, 2006, the Defendant was sentenced to 8 months imprisonment and was ordered to pay $120,000.00 in restitution to the victims of the conspiracy. [Doc. 99]. In addition, he was ordered to pay a $100 assessment. [Id.].

In August 2009, the Government moved for a writ of garnishment as to E-Z Parking, Inc. (E-Z) in order to garnish the Defendant's income. [Doc. 167]. On August 25, 2009, E-Z was notified by writ that it should answer within ten days of service thereof. [Doc. 170].

On October 6, 2009, E-Z filed an untimely Answer in which it disclosed a garnishment by the North Carolina Department of Revenue in the amount of ten percent of the Defendant's gross pay per pay period. [Doc. 171]. In the

Answer, E-Z also disclosed a set-off of $50 per pay period to repay a loan to E-Z. [Id.].  E-Z did not request a hearing.

The Defendant did not file any objections to the Answer and did not request a hearing.  The Government also did not file any objections to the Garnishee's Answer.

**DISCUSSION**

E-Z has disclosed that the Defendant is an employee who is paid on a bi-weekly basis. [Doc. 171].  His gross wages of $923.08 are subject to a pre-existing writ of garnishment in favor of the North Carolina Department of Revenue in the amount of ten percent, or $92.31. [Id.].  United States v. Doviak, 367 F.Supp.2d 1056, 1060 (N.D.Tex. 2005), *quoting* United States v. Pioneer American Insurance Co., 374 U.S. 84, 87, 83 S.Ct. 1651, 10 L.Ed.2d 770) (1963) ("The priority of federal [] liens ... as against liens created under state law is governed by the common-law rule - 'the first in time is the first in right.'").

The same may not be said concerning the loan made by E-Z to the Defendant.  In addition to the fact that E-Z's Answer was untimely, there is nothing showing that E-Z is a judgment lien creditor.  In re Charco, Inc., 432

3

F.3d 300, 304 (4th Cir. 2005) ("[B]efore a judgment lienholder can have priority over tax lien, she must be a 'judgment lien creditor'[.]"). The Court therefore rejects the objection filed by E-Z.

The Consumer Credit Protection Act (CCPA) contains the following restriction:

> [T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
>
> (1) 25 per centum of his disposable earnings for that week, or
>
> (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage ... in effect at the time the earnings are payable, whichever is less.

15 U.S.C. §1672(a). The Court will therefore apply this provision to the amount garnished.

## ORDER

**IT IS, THEREFORE, ORDERED** that a Final Order of Continuing Garnishment is hereby **ENTERED** in the amount of $102,953.23, computed through November 18, 2009, which attaches to any earnings of the Defendant which remain after all deductions required by law and subject to the garnishment of the North Carolina Department of Revenue and the maximum

4

part of the Defendant's aggregate disposable earnings for any workweek which is subject to garnishment may not exceed 25 per centum of his disposable earnings for that week, or the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

**IT IS FURTHER ORDERED** that payments should be made to the United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, N.C. 28202. Each check shall be embossed "Court Number 5:05cr207, Defendant James E. Ferguson, III."

Signed: August 9, 2010

Martin Reidinger
United States District Judge